IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VISTA ACQUISITIONS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE NO. |
| | : | No. 1:22-CV-00739-MLB |
| WEST SHORE WALDEN LLC; | : | |
| WEST SHORE, LLC; John Doe 1; | : | COMPLAINT AND |
| John Doe 2; and John Doe 3, | : | JURY DEMAND |
| | : | |
| Defendants. | : | |

## MOTION FOR EXPEDITED DISCOVERY

Plaintiff Vista Acquisitions, LLC ("Vista"), by and through its undersigned counsel, submits this Motion for Expedited Discovery and Request for Hearing and Brief in Support ("Motion") asking the Court to allow the parties to engage in limited expedited discovery in this matter.

In support of this Motion, Vista states as follows:

## INTRODUCTION AND BACKGROUND

Vista is under contract to purchase property located at 1000 Chatham Center Drive, Savannah, Ga, PIC 20739-01013 (the "Subject Property"). In anticipation of purchasing and obtaining the Subject Property, Vista petitioned the City of Savannah

1

(the "City") to change the zoning restrictions of its property from Community Business to Residential Multi-Family, 25 Units per Acre. West Shore Walden, LLC ("West Shore Walden") owns property located at 100 Walden Lane, Savannah, GA, PIN 20739-01009, which is located directly across from the property Vista's wishes to acquire. West Shore Walden's property is an apartment complex. Theoretically, the completion of Vista's project would offer competition to West Shore Walden's property.

On November 9, 2021, the Mayor and Aldermen of the City approved the rezoning of 1000 Chatham Center Drive, Savannah, GA, PIN 20739-01013 (the "Chatham Center Project"). During the City's consideration of the rezoning, West Shore Walden attempted to create roadblocks to the development of the Subject Property. Then, thirty days later—at the eleventh hour—West Shore Walden filed its Petition. The Petition sought reversal of the November 9, 2021 decision whereby the Mayor and Aldermen of the City approved the rezoning of the Chatham Center Project. The Petition contained unsubstantiated allegations that the City of Savannah had inadequate information to approve Vista's rezoning request. Subsequently, Vista filed motions to dismiss the Petition for procedural defects.

The Superior Court of Chatham County scheduled a hearing on Vista's motions to dismiss West Shore Walden's Petition, but West Shore Walden dismissed

its case without prejudice on the eve of the hearing, foreclosing a hearing. Because West Shore Walden dismissed its case without prejudice, it is allowed to resubmit its Petition within the next six months in accordance with O.C.G.A. § 9-11-41. During that time, Vista will be unable to close on the Subject Property and begin construction.

Ultimately, Vista will incur estimated monetary damages in excess of $8,220,000. Damages will stem from: (i) delay in closing on the Subject Property in an amount of $50,000; (ii) delay in paying third party vendors in amount of $120,000; (iii) delay in development and construction in an amount of $4,800,000; (iv) procurement of professional consultants in an amount to be determined; (v) additional costs incurred by the Subject Property's seller in an amount of $250,000; and (vi) loss in operating income in an amount of $3,000,000 (assumes an eight month delay at an estimated income of $375,000 per month). Other damages are not as easily calculated but will continue to be costly to Vista. For instance, the potential for the City to enact moratoriums on construction that would delay the project for an indefinite time; the potential for third-party vendors to decommit from the project; and the potential for existing competitors or new competitors to monopolize on the local rental market while Vista is unable to develop the Subject Property.

In the course of preparing its motions to dismiss in Chatham County, Vista became aware that Defendants had engaged in remarkably similar unlawful practices in Florida to derail another multi-family development that would have competed with its apartment complex there. As in the Florida case, Vista believes that Defendants' actions to block the rezoning of its project were for the improper purpose of maintaining an economic advantage rather than raising legitimate zoning concerns. *See West Shore Legacy, LLC v. Alachua County, Florida,* No. 20-1562GM (Fla. DOAH Mar. 4, 2021) (Final Order). On February 22, 2022, Vista filed suit against Defendants West Shore Walden, LLC; West Shore, LLC; and John Does 1 – 3 (collectively, "Defendants") for tortious interference, fraud, and RICO/business conspiracy.

To determine the individuals involved in Defendants' scheme and to determine the extent to which Defendants caused Vista damage, Vista must conduct discovery. As detailed in its *Complaint*, Vista believes that Defendants maliciously filed its Petition, engaged in other unlawful interference and related conduct prior to filing its Petition, and embarked on a campaign of delay to gain a competitive advantage and cause Vista harm. Compl. ¶¶ 101-105. Preliminary discovery would further aid in uncovering evidence that Plaintiff believes is only in the possession of Defendants. Finally, discovery may expedite a resolution of this matter. For as long

as this matter continues, Vista will continue to suffer damages because its project has ground to a halt and Vista cannot close the deal to purchase the Subject Property from the Seller. Compl. ¶¶ 4, 50, and 76.

## CITATION OF AUTHORITY AND ARGUMENT

Fed. Rule of Civ. Pro. 26(d)(1) permits early discovery prior to a Rule 26(f) scheduling conference "when authorized by [the Rule], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (a district court has broad discretion over the management of pre-trial activities, including discovery). The Eleventh Circuit Court of Appeals has not established a standard governing expedited discovery, but "several district courts within the Eleventh Circuit have expressly used a general 'good cause' standard when confronted with [such] requests[.] *Davis v. Collins*, Civil Action No. 1:18-CV-03345, 2018 WL 6163154, at *2 (N.D. Ga. Aug. 24, 2018) (quotation omitted).

To determine if a party has made a showing of good cause, the court will consider five factors: "(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request was made."

*Novelis Corp. v. Smith*, No. 1:16-CV-1557, 2016 WL 11504109, at *5 (N.D. Ga. Sept. 2, 2016).

Where a motion for expedited discovery has established time-sensitive reasons for the request, is narrow in scope and not burdensome on the opposing party and is far in advance of a Rule 26(f) conference, the motion will likely be granted. *See Pulsepoint, Inc. v. 7657030 Canada Inc., No. 13-61448-CIVMarra/Matthewman*, 2013 WL 12158589, at *1 (S.D. Florida Oct. 31, 2013) (internal citation omitted); *Arista Records LLC v. Does 1-7*, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008).

Thus, Vista respectfully requests that the Court enter an Order requiring both defendants to provide the requested information within 10 days of the date of the Order. Specifically, Vista requests an Order requiring the following:

1) Defendants to produce a list of all the names of individuals who played a part in either West Shore Walden or West Shore, LLC's actions related to the Subject Property;

2) Defendants to produce all written and electronic correspondence between the individuals listed in request no. 1 pertaining to either West Shore Walden or West Shore, LLC's actions related to the Subject Property;

3) Defendants to produce all documents evidencing or relating to their actions with respect to the Subject Property; and

4) Defendants to designate a 30(b)(6) corporate representative for each entity (West Shore Walden and West Shore, LLC) for depositions regarding (i) West Shore Walden or West Shore, LLC's actions related to the Subject Property; and (ii) West Shore, LLC's actions related to other zoning disputes no later than May 10, 2022.

Vista seeks this expedited discovery to (1) further develop the factual record from information that is only within the control of Defendants; (2) determine the names of all necessary parties to be added to the Complaint; and (3) collect documentation that would potentially help the parties reach a resolution on the matter, such that Vista would immediately stop incurring daily damages. The expedited discovery could also assist Defendants in defending its position.

Considering the factors assessed in *Novelis Corp*, it is clear that Vista's request for expedited discovery is time-sensitive, non-burdensome to Defendants, and requested with valid reasoning.

## **CONCLUSION**

Vista therefore respectfully requests that the Court grant its motion for expedited discovery finding that it has made a showing of good cause by establishing a time-sensitive reason for its request, making a narrow request that is not

burdensome on the opposing party, and making the request far in advance of a Rule

26(f) scheduling conference.

Respectfully submitted, this 1st day of April 2022.

**KREVOLIN & HORST, LLC**

/s/ Jessica Cino
Jessica Cino
Georgia Bar No. 577837
Jamil Favors
Georgia Bar No. 549881
*Attorney for Plaintiff*

One Atlantic Center
1201 W. Peachtree Street, NW
Suite 3250
Atlanta, Georgia 30309
(404) 888-9700
cino@khlawfirm.com
favors@khlawfirm.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: April 1, 2022                    /s/ Jessica Cino
                                        *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date caused to be electronically filed a copy of the foregoing PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

Dated:  April 1, 2022                              /s/ Jessica Cino
                                                        *Attorney for Plaintiff*